UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Sandra Elmore, as Personal Representative for the Estate of James A. Fickling, | ) Civil Action No.: 3:16-1683-JMC |
| Plaintiff, | ) |
| vs. | ) |
| United States of America, | ) |
| Defendants. | ) |

**COMPLAINT FOR PERSONAL INJURY
UNDER THE FEDERAL TORT CLAIMS ACT**

The Plaintiff, brings this Complaint against the above named Defendant, and would respectfully show unto this Honorable Court as follows:

**NATURE OF CASE**

1.    This is a medical malpractice action claiming damages suffered by the Plaintiff as a direct and proximate result of the Defendant's failure to properly diagnose and treat the Decedent's condition prior to discharge.

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(b)(1) because the Plaintiff seeks to recover money damages for personal injury caused by the wrongful acts and omissions of employees of the government while acting within the scope of their office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. A

1

private person under the law of South Carolina would be liable for negligently providing medical treatment to Plaintiff and that proximately caused his injuries under the circumstances alleged in this Complaint.

3.  Plaintiff timely filed a Standard Form 95 on November 24, 2014 pursuant to the requirements of the Federal Tort Claims Act. On November 30, 2015, the Department of Veterans Affairs denied the claim, thereby establishing jurisdiction in this Court pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675. This Complaint is filed within six months of the Department of Veterans Affairs denial of the Standard Form 95.

4.  That the acts and omissions complained of herein by the Defendant occurred within the County of Richland, State of South Carolina, thus rendering jurisdiction and venue proper within this Court pursuant to 28 U.S.C. § 1402(b). Furthermore, attached to the Complaint is the Affidavit of Jay B. Krasner, M.D., a physician licensed to practice in the State of Massachusetts; this affidavit is attached pursuant to S.C. Code Ann. § 15-36-100.

**PARTIES**

5.  The Plaintiff, Sandra Elmore, is the duly appointed Personal Representative of the Estate of James A. Fickling, having been so appointed on March 18, 2013 by the Sumter County Probate Court, Case No. 2013ES4300149. This suit is filed on behalf of the heirs of James A. Fickling ("Decedent").

6.  The Decedent was treated at the Wm. Jennings Bryan Dorn VAMC ("Dorn VAMC"), which is a federally owned hospital located at 6439 Garners Ferry Road, Columbia, SC 29209 in Richland County. The Dorn VAMC is owned and operated by the United States Department of Veterans Affairs. At all times mentioned herein, this Defendant was acting by and

through its agents, servants, and/or employees, to include the Drs. Sundeep Dabra and James Randolph, and had a doctor/patient relationship with the Decedent.

**STATEMENT OF FACTS**

7. On December 13, 2012, the Decedent, James Fickling, 87 years old, experienced a fall and was taken to the Dorn VAMC Emergency Room in Columbia. He was admitted to the Dorn VA Hospital with a principal diagnosis of left intertrochanteric fracture.

8. On December 14, 2012, Mr. Fickling underwent surgery on his left intertrochanteric femur.

9. On December 19, 2012, the nursing notes indicate that there was concern with thin liquids. The Decedent was seen by a speech pathologist for a clinical evaluation of dysphagia to assess his swallowing function. He had been observed choking on thin and nectar thick liquids. The evaluation states no difficulties with soft solid or honey thick. The recommendation was made for "a dysphagia advanced – honey liquid consistency, all precautions". The attending physician at that time was Dr. Sundeep Dabra.

10. On December 20, 2012, he had a follow up evaluation with the speech pathologist and the records indicate "no reports of difficulty with honey thick. Consistency is appropriate."

11. The next day, on December 21, 2012, Mr. Fickling was discharged to a rehabilitation facility without further evaluation of his impaired swallowing function. Dr. James Randolph, an orthopedic doctor, "agree[d] with plans for SNF when arrangements can be made." The discharge papers signed by Dr. Sundeep Dabra only state "advanced dysphagia diet – honey thick consistency, no concentrated sweets."

12. Mr. Fickling was admitted to a rehabilitation facility on December 21, 2012. As stated above, it was noted prior to his discharge from VAMC that he had an impaired swallowing

ability, but there were no discharge instructions given for further evaluation of his swallowing function. Mr. Fickling's problems continued to worsen at the rehabilitation facility and on December 29, 2012, he was transferred to Tuomey Regional Hospital where he was found to be severely dehydrated. Because of his dehydrated brain stem, it was opined that he would remain in a semi-comatose state the rest of his life.

13.     On January 11, 2013, Mr. Fickling passed away.

### FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT
### (Negligence/Medical Malpractice - Survival)

14.     The Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein.

15.     The above set forth incidents and the Decedent's resulting injuries and damages were proximately caused by the negligence, grossly negligent, reckless, willful, and wanton acts of the Defendant, by and through its agents, servants, and/or employees in one, more, or all of the following particulars:

   a) in failing to provide the appropriate, reasonable and necessary medical care to the Decedent;

   b) in failing to properly care for the Decedent, when the Defendants and/or their personnel, agents, and/or employees knew or should have known that the Decedent was in need of additional medical assistance and/or treatment;

   c) in failing to have the appropriate medical examination performed to determine the Decedent's medical needs so as to provide the appropriate medical care and treatment;

   d) if such examinations were performed, in failing to require a follow up

examination of the Decedent;

e) in failing to sufficiently monitor the Decedent so as to determine the severity of his condition;

f) in failing to properly diagnose the cause of the Decedent's swallowing difficulties prior to discharge;

g) in failing to give proper discharge instructions upon release from the Hospital, to include direction for further evaluation by a specialist;

h) in discharging the Decedent from the VA without further treatment;

i) in failing to properly diagnose, treat, and give proper discharge instructions;

j) in failing to provide and/or administer the appropriate examination;

k) in failing to properly evaluate and/or assess the Decedent's condition;

l) in failing to sufficiently monitor the Decedent so as to determine the severity of his condition; and

m) in other particulars that will be developed in discovery.

16. WHEREFORE, the Plaintiff prays judgment against the Defendants for ACTUAL and CONSEQUENTIAL, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT
(Wrongful Death)

17. The Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein.

18. This action is brought for the wrongful death of James A. Fickling, pursuant to § 15-51-10 et. seq., of the Code of Laws of South Carolina (1976, as amended), on behalf of the heir(s) of James A. Fickling.

19. As a direct and proximate cause of the grossly negligent and reckless acts, omissions, willful and wanton conduct of the Defendants as described above, the Decedent's heirs have been damaged and have suffered as follows:

   a) mental shock and suffering;

   b) wounded feelings;

   c) grief and sorrow;

   d) loss of a father or relative;

   e) deprivation of the use and comfort of the Decedent's society, experience, knowledge and judgment.

20. As a direct and proximate result of the aforementioned acts and/or omissions on behalf of the Defendants, the Decedent unjustifiably suffered and died, and further the Plaintiff has suffered ACTUAL and CONSEQUENTIAL DAMAGES.

**WHEREFORE**, the Plaintiff, in his fiduciary capacity as personal representative of the Estate of James A. Fickling prays judgment against the Defendants for ACTUAL and CONSEQUENTIAL DAMAGES, together with costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

**[INTENTIONALLY LEFT BLANK]**

Dated this 23rd day of May, 2016.

                                Respectfully submitted,

                   By:  _s/Aaron S. Jophlin_____
                       Aaron S. Jophlin, Esq.
                       219 Ridge Street
                       Georgetown, SC 29440
                       (843) 546-2408 Phone
                       (843) 546-9604 Fax
                       ATTORNEY FOR PLAINTIFF